**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KIEREN WRAGGE and DAVID BEARD,** | |
| **Plaintiffs,** | |
| **v.** | |
| | **Case No.** |
| **THE BOEING COMPANY,** | |
| **Defendant.** | |

## NOTICE OF REMOVAL

Defendant The Boeing Company ("Boeing") removes this civil action under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has subject matter jurisdiction and the case is removable because there is complete diversity between Boeing and Plaintiffs Kieren Wragge ("Wragge") and David Beard ("Beard"), and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

As a short and plain statement of the grounds for removal, Boeing states the following:

1.      This action involves personal injury claims arising from an alleged air quality event that occurred on July 28, 2018 aboard a Virgin Australia Boeing 737-800NG. Plaintiffs claim injuries resulting from Boeing's alleged conduct in designing that plane, in the representations Boeing made about the safety of the plane, and in its failure to warn of the dangers of air quality events.

2.      On July 24, 2020, Plaintiffs filed a complaint against Boeing in the Circuit Court of Cook County, Illinois, County Department, Law Division, as case number 2020L007821. As

of the time of the filing of this Notice of Removal, Boeing has not been served with the complaint or any other process, pleadings, or orders.

3.     No further proceedings have been had in the state court action.

4.     Under 28 U.S.C. § 1446(a), copies of the following documents are attached to this Notice of Removal:

> **Exhibit A:** Plaintiffs' Complaint

> **Exhibit B:** A copy of the docket sheet in the state court action

## I.     Removal is proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332.

5.     This case is properly removed to this Court pursuant to §§ 1332(a)(2) and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, between a citizen of a State (Boeing) and citizens of foreign states (Plaintiffs).

### A.     The amount in controversy exceeds $75,000.

6.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), Boeing hereby asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Boeing makes this assertion in good faith based on Plaintiffs' alleged injuries.  *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing party therefore only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'") (citation omitted).

7.     Plaintiffs allege that serious injuries resulted from the alleged air quality event on July 28, 2018.  Plaintiff Wragge claims that, due to his exposure on board the Boeing aircraft, he has "suffered short-term and long-term health effects," such as "lung damage/scarring similar to silicosis, coughing up phlegm, blood brought up with the cough, chest pain, balance problems,

decreased motor skills, neuropathy . . . cognitive defects, emotional distress, mental anguish, depression, and anxiety." Complaint (July 24, 2020), Ex. A, ¶ 44. He claims that his "life has been completely derailed." *Id*. ¶ 45. Plaintiff Beard claims that he has "suffered short-term and long-term health effects including nausea, confusion, accelerated heart rate, jittery feeling, fatigue and exhaustion, and cognitive deficits." *Id*. ¶ 46. Plaintiffs allege "loss of wages and wage earning capacity in the past and in the future," and seek compensation for "medical bills and expenses." *Id*.¶¶ 47, 122.

8.      It is clear on the face of the Complaint that Plaintiffs' claimed damages exceed $75,000, exclusive of interest and costs. *See McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.").

9.      "An alleged amount in controversy satisfies the jurisdictional requirement so long as it is not legally impossible for the claimant to recover that amount in damages on the claim." *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) (citing *Grinnell Mutual Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)). An award of more than $75,000 "is not legally impossible." *Id.* It is therefore apparent from the face of the complaint that more than $75,000, exclusive of interest and costs, is in controversy in this case.[1]

**B.      There is complete diversity of citizenship.**

10.     This Court's jurisdictional diversity requirement is satisfied because the suit is between "citizens of a State and citizens or subjects of a foreign state." § 1332(a)(2).

---

[1] Boeing, of course, does not concede that Plaintiffs are entitled to recover more than $75,000, and deny that Plaintiffs are entitled to recover any damages. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing defendant need not confess liability in order to show that the controversy exceeds the threshold.") (omissions).

11.     Plaintiffs are citizens of Australia.  Compl. ¶¶ 1-2.

12.     For diversity jurisdiction purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1).  The Boeing Company is a corporation incorporated and existing under the laws of Delaware, with its corporate headquarters and principal place of business in Chicago, Illinois.

**C.     Removal is not procedurally barred by the forum defendant rule.**

13.     28 U.S.C. § 1441(b)(2) provides that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Boeing is a citizen of Illinois.  However, Boeing has not been served as of the time of filing this Notice of Removal.  Section 1441(b)(2)'s "home state" bar on removal only applies to defendants that have been "properly . . . served."  *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (holding that the "plain meaning [of section 1441(b)(2)] precludes removal on the basis of in-state citizenship *only* when the defendant has been properly joined and served") (emphasis added)); *D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 992 (N.D. Ill. 2018) (holding "that the statutory text [of section 1441(b)(2)] must control" and that the statute does not bar removal where a joined forum defendant remains unserved); *Graff v. Leslie Hindman Auctioneers, Inc.*, No. 17-CV-06748, 2017 WL 4864871 (N.D. Ill. Oct. 26, 2017)

- 4 -

(holding that where a forum defendant is un-served "[t]he forum defendant rule does not apply here under the plain meaning of [§ 1441(b)(2)]").

II.     **Boeing has satisfied all other procedural requirements for removal.**

      A.     **Removal is timely.**

14.     Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within thirty days after receipt of a copy of the complaint through service or otherwise. Plaintiffs filed the state court action July 24, 2020. *See* <u>Exhibit B</u>. Boeing has not yet been served. This Notice of Removal is timely.

      B.     **This is the proper venue.**

15.     The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Northern District of Illinois pursuant to 28 U.S.C. §§ 93(a) and 1441(a).

      C.     **All other procedural requirements have been met.**

16.     Pursuant to 28 U.S.C. § 1446(d), Boeing will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending. Boeing will also serve written notice of the filing of this Notice of Removal on counsel for the plaintiffs.

17.     By filing this Notice of Removal, Boeing does not waive any rights, privileges, or defenses, including defenses related to personal jurisdiction, and does not concede that this is an appropriate or convenient forum for resolution of these claims.

WHEREFORE, Boeing respectfully removes this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, bearing Number 2020L007821, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

03007-0331/92287030.4

Respectfully submitted,

Dated: July 29, 2020                        By: /s Kathleen A. Stetsko

V. L. Woolston (pro hac vice forthcoming)
Todd W. Rosencrans
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Fax: 206.359.9000
Email: VWoolston@perkinscoie.com
TRosencrans@perkinscoie.com

Bates McIntyre Larson
Kathleen A. Stetsko
PERKINS COIE LLP
131 S Dearborn Street # 1700
Telephone: 312.324.8400
Fax: 312.324.9400
Email: BLarson@perkinscoie.com
KStetsko@perkinscoie.com

ATTORNEYS FOR THE BOEING COMPANY.

**CERTIFICATE OF SERVICE**

I, Kathleen A. Stetsko, certify that on July 29, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On this date I further caused to be served on each of the attorneys identified below, via the delivery methods indicated below, a copy of the foregoing document:

| | |
|---|---|
| Patrick M. Jones | **X**   Via the Clerk's eFiling Application |
| Sarah M. Beaujour | ___   Via U.S. Mail, 1st Class |
| PMJ PLLC | ___   Via Overnight Delivery |
| 1 W. Monroe St. | ___   Via Facsimile |
| Chicago IL 60603 | **X**   Via Email |
| (312) 255-7976 | ___   Other: _____ |
| Email: pmj@pmjpllc.com | |
|         sb@pmjpllc.com | |

Joseph C. Wheeler
1D, 7/129 Junction Rd.
Clayfield, Queensland, Australia 4011
+61 7 3040 1099
Email: jwheeler@ialpg.com
*Attorneys for Plaintiffs*

I certify under penalty of perjury that the foregoing is true and correct.

By: /s/ Kathleen A. Stetsko